[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence September 20, 1996 Date of Application September 20, 1996 Date Application Filed September 23, 1996 Date of Decision June 24, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Litchfield, Docket Number CR96-88524.
Christopher Cosgrove, Esq., Defense Counsel, for Petitioner.
David Shepack, Esq., Assistant State's Attorney, for the State.
After a plea of guilty, petitioner was convicted of sexual assault in the first degree in violation of General Statutes § 53a-70. CT Page 7319
As a result of such conviction, a sentence of twelve years execution suspended after four years with ten years probation was imposed.
The evidence indicates that petitioner forced a twelve-year-old female to engage in sexual intercourse. At the time, petitioner went to the victim's home to visit another person. He went into the bedroom where the twelve-year-old was sleeping and began to kiss her and remove her clothing. The victim resisted and repeatedly told petitioner "no," and to stop his activities. Due to his size, she was unable to push him off and he was able to remove her clothing and engage in sexual intercourse.
Petitioner's attorney argued for a reduction in sentence. He stated that petitioner was a juvenile transfer to the Superior Court, age fifteen at the time with no history of this type of offense.
The attorney pointed out that the conviction of this offense would require petitioner to serve a full three-year sentence with little or no reduction. It was argued that the sentence should be reduced to three years to make it more equitable. The attorney also assured the Division that petitioner would carefully follow all conditions of probation. A letter from the victim's mother was also introduced in which she recommended probation.
Speaking on his own behalf, petitioner requested a reduction in sentence. He also remarked about post-conviction matters which the Division cannot consider.
The state's attorney argued against any reduction. He pointed out that the plea agreement called for a maximum of twelve years with the execution suspended after six. The sentence imposed was considerably less than the maximum under that agreement. It was also pointed out by the state's attorney that this crime involved the forcible rape of a twelve-year-old girl. The state's attorney also argued that there were multiple threats against the victim. Petitioner's attorney stated, however, that the threats were not made by petitioner and were, in fact, made to another young lady, not the victim. The state's attorney argued that under the circumstances of this case, the sentence should be increased to that recommended by the State at the time of sentencing.
The request from the victim's mother dated June 16, 1997, was CT Page 7320 post-conviction and cannot be considered by the Division. Our function is to determine whether or not the sentence as originally imposed was fair and equitable within the scope of review required by § 942 of the Practice Book. The offense committed here was most serious. The sentence imposed was less than that authorized under the plea agreement and was considerably less than that authorized by statute. Under the circumstances, it cannot be found that the sentence imposed was excessive or should be reduced.
Sentence affirmed.
Purtill, J., Klaczak, J., and Norko, J. participated in this decision.